Opinion of the court delivered by
Hornblower, C. J.
It is insisted by the counsel for the defendant, that the submission was improperly made a rule of thi» court; that before it was so dene, there had been such an alteration made iirtlie original agreement, as amounted to a new submission : that other arbitrators had been substituted by the parties, by whom- an award had actually been made : — that the writing substituting'such new arbitrators, contained no agreement that the submission to them should be made a rule of court: and the counsel contended that ill such case, the parties must be left to their legal remedy : in support of this objection, lie referred us to Bac. abr. tit. arbitrament and award.
That u it is not too late to make a submission a rule of court* after an award made,” we decided in Hazen v. Addis, 2 Green, R. 333, and I am satisfied with that decision. Whether we can-make a submission a rule of court, after the original agreement to<submit’, has been altered by the parlies, by changing the arbitrators or othei-wi-scyis another question.The original submission, and which, it was agreed should be made a rule of court, was to three certain persons : tne last .submission, was to one of those three and to two others associated with him : and it is certainly true, tiiat in the two-agreements substituting other arbitrators in the places of those first named, there is no agreement, in terms, that the submission to such new and substituted arbitrators, shall be made a rule of court. But the substitutions were endorsed on the original submission and agreement, and expressly refer to what is therein contained — without such reference, the indorsements would be unmeaning. By such reference, the original submission and all the terms of it, became part of, ami incorporated into (lie new' agreements; so that the award of-tlie three arbitrators last named, or of any two of them, of and concerning the matters mentioned in the original submission, should be final' '■ and conclusive, and that such submission sltould be made a rule of court. If the last indorsement refers to and adopts the original agieement, asa valid and subsisting agreement between tlioparties, for the purposed making itself intelligible, it must by all fair course of reasoning, be considered as adopting it entire, except so far as that original agreement is expressly altered or rescinded, or rendered inconsistent with the new' arrangement.
*343 The case of Jenkins v. Law, 8 Ter. R. 87, was not like this. — » The submission had been made a rule of court, pursuant to the agreement of parties, before any award bad been made. After-wards, by an indorsement on the bond, the parties enlarged the time for making the award without adding that this new agreement should be made a ride of court. The arbitrators awarded within the enlarged time, ami a rule for an attachment was refused. But even that caso has been overruled. In Evans v. Thompson. 5 East, 189, the parties by a general indorsement on the bonds, enlarged the time, and the court held, that such agreement included all the terms of the original submission to which it had reference, and amongst others, the agreement to make the same a rule of court.
In that case, Lord Eilenborough said, in reference to the case of Jenkins v. Law, the objection appeared to have been given way to, on the concession (as the fact was) of counsel : and that upon conferring (with a view’ to uniformity of practice on this subject) with most of the Judges of the other courts at West-minister Ha!!, they were of opinion tlsat that case could not be supported: and sec Watson on arbits and awards, 85, in 11 Law Lib. 44.
In the next place it is insisted that the plaintiff ’s right to an attachment, for not paj ing the sum awarded, is not ex debito justitiée, huta matter at the discretion of the court. (Bac. abr. tit. arbit and award, letter H.:) that an attachment is not granted now in cases like this, as for a contempt of the court, but is in the nature of a civil execution. Bac. abr. tit. attachment, let. A. 285 ; The King v. Myers, 1 T. R. 265. And that therefore, the court ought not to grant this attachment, simply on the ground that the party lias not paid the money. He may be unable to do so, and then his imprisonment will be perpetual : whereas if the plaintiff proceeds against him in an action upon the award, ho may, if insolvent,/he relieved from imprisonment.
Nevertheless an attachment for not performing an award, strictly speaking is a criminal proceeding, though in some respects it is considered as in the nature of civil process. Wats, on arb. and awards, sect. III. p. 183. It is, however, under the control of the court, and upon a proper case made, such as insolvency of the defendant, clearly established, it might be re *344 fused, and the plaintiff left to his remedy on the arbitration bond, or the award. But here the defendant sets up no excuse for not obeying the award. It is not enough for his counsel to say, that he may be a bankrupt or unable to pay.
He has refused obedience to the rule of this court, without offering any excuse for doing so, or shewing any cause why an attachment, pursuant to the statute, should not issue against him.
Let the rule be made absolute.

Buie absohiie.